UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CHUANYU XIE,                                              :
                                                          :
                      **Plaintiff,**           :
                                                          :      **06 Civ. 142 (HB)**
            **- against -**                               :
                                                          :      <u>**OPINION & ORDER**</u>
CHRIS X. LIN a/k/a XIAOYUN LIN, THE LAW   :
FIRM OF CHEN, LIN, LI & JIANG, LLP, and THE :
LAW OFFICES OF LIN & LI,                  :
                                                          :
                      **Defendants.**          :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

      On January 9, 2006, *pro se* plaintiff, Chuanyu Xie ("Xie" or "Plaintiff"), filed a legal malpractice complaint against his former lawyer Chris Lin (a/k/a Xiaoyun Lin), the law firm of Chen, Lin, Li, & Jiang, LLP, the law office of Lin and Li, and the law office of De Hong (collectively "Defendants"). Upon Plaintiff's request, the complaint was dismissed with prejudice against the law office of De Hong. The remaining Defendants now move to dismiss the complaint against them pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6) – lack of subject matter and personal jurisdiction, failure to state a claim, as well as expiration of the statute of limitations. In the alternative, the law offices of Lin & Li request that all allegations in the complaint related to them be stricken pursuant to Federal Rule of Civil Procedure 12(e), motion for a more definite statement. For the reasons set forth below, the 12(b) motion is GRANTED and thus, I need not reach the 12(e) motion.

                                      **I.    BACKGROUND**

      In a Rule 12(b)(6) motion, the allegations in the plaintiff's complaint are taken as true. <u>See</u> <u>Bolt Elec., Inc. v. City of New York</u>, 53 F.3d 465, 469 (2d Cir. 1995). Xie recounts the following: between January and August 1999, he entered into several verbal agreements with Rihetai Human Hair Company ("Rihetai"), a Chinese entity located in Hunan, China, whereby Rihetai agreed to deliver five shipments of 100% human hair to Plaintiff in New York. Compl. ¶ 5. Upon receipt of the shipments, Xie alleges he noticed that the hair was 80% to 100% animal hair, rather than the 100% human hair products he bargained for. <u>Id.</u> ¶ 6. Consequently, in May 2000, he retained Chris Lin and his law firm, Chen, Lin, Li & Jiang, LLP, and a lawsuit was filed in the Eastern District of

New York ("EDNY") alleging breach of contract. Id. ¶¶ 8-9. Meanwhile, Rihetai filed a breach of contract action in the Southern District of New York ("SDNY") in July 2000 because Xie failed to pay for all the shipments of hair that he received. Id. ¶ 10. Xie's lawsuit was dismissed and his claim was brought as a countersuit in the Rihetai action in the SDNY. The matter came before the Honorable Denise Cote. See Xuchang Rihetai Hair v. Hanyu Int'l, et al., 00 Civ. 5585. Judge Cote granted Rihetai's motion for summary judgment on its breach of contract claim against Hanyu International, Xie's company. Following a non-jury trial to determine if Xie would be personally liable for Hanyu's damages, Judge Cote found, on November 7, 2001, that it was appropriate to pierce the corporate veil. As a result, Xie was ordered to pay approximately $360,000. Id. ¶ 11. No appeal was filed after entry of this judgment.

Plaintiff is now alleging some five years later that all of the sales documents submitted into evidence were in Chinese and Rihetai's lawyer, Li Bing, mistranslated these purported sales contracts into English in order to support their case. Plaintiff alleges that his lawyer, Lin, who was fluent in both English and Chinese, was aware of these errors in translation but took no steps to correct them. Further, Plaintiff alleges that Lin failed to submit evidence that was relevant to the case. In short, Plaintiff maintains that Lin conspired with Rihetai's lawyer to ensure that Xie lost his case. He filed this legal malpractice action on January 9, 2006. Unfortunately, no proof was submitted to support these allegations.

## II.     STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe all factual allegations in the complaint in favor of the non-moving party. See Krimstock v. Kelly, 306 F.3d 40, 47-48 (2d Cir. 2002). The Court's consideration is normally limited to facts alleged in the complaint, documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. See Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). In the case of individuals proceeding *pro se*, courts have considered additional materials submitted by these litigants in opposition to a motion to dismiss. See, e.g., Gil v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering plaintiff's affidavit in response to a motion to dismiss); Fox v. City of New York, 2004 WL 856299, at *1 (S.D.N.Y. Apr. 20, 2004) ("Because Fox is a *pro se* litigant, the Court may rely on both his amended complaint and his motion papers in assessing the legal sufficiency of his claims.").

A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Since the plaintiff is the non-movant and proceeding *pro se*, I must construe his papers liberally and "interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (internal citation omitted).

### III.   DISCUSSION

Defendants move to dismiss this case on multiple grounds – lack of subject matter and personal jurisdiction as well as failure to state a claim upon which relief can be granted.

*A. Subject Matter Jurisdiction*

I will address the jurisdictional question first, since without subject matter jurisdiction "the accompanying defenses and objections become moot and do not need to be determined." U.S. ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148, 1155-56 (2d Cir. 1993)(quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure § 1350* (1969)). First, Defendants argue that this court has no subject matter jurisdiction over the law offices of Lin & Li ("Lin & Li") because they were not yet in existence during the time of the alleged malpractice. I disagree.

Plaintiff states in his opposition papers that Lin & Li is a successor in interest to the law firm that represented him in the breach of contract case, the law firm of Chen, Lin, Li, & Jiang, LLP. Specifically, he claims that Chen, Lin, Li & Jiang, LLP was re-incorporated as Lin & Li on January 1, 2003 when two of the name partners from the predecessor firm withdrew. Pl.'s Opp. to Mot. to Dismiss ¶¶ 30-31. He bolsters his claim by noting that the location of the firm did not change after the name modification and that Lin & Li was formed one day after Chen, Lin, Li & Jiang disbanded. At this stage, this is enough to establish subject matter jurisdiction over Defendant Lin & Li.

*B. Personal Jurisdiction*

Service of a complaint and summons is a prerequisite to the court's exercise of personal jurisdiction over a Defendant, unless the named defendant agrees to waive service. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Defendants argue that Xie failed to properly serve the Defendants in this matter,

thus, this Court lacks personal jurisdiction over them.

According to the affidavit of Kenneth Cang Li, Esq., name partner in Lin & Li, Plaintiff attempted to serve the three named Defendants in the following manner. On March 20, 2006, an unidentified male left a sealed envelope at the office of Lin & Li. Affidavit of Kenneth Cang Li, Esq. ("Li Aff.") ¶ 2. The envelope simply contained a copy of the complaint, without a summons.[1] Id. Plaintiff attempted service again on April 10, 2006 via certified mail to the law office of Lin & Li. Id. Xie again failed to include a copy of the summons with the complaint. Id. Plaintiff never attempted personal service on Chris Lin, who currently resides in China. Id., Ex. F.

It is beyond cavil that pursuant to Federal Rule of Civil Procedure 4, a summons must be served along with the complaint within 120 days after filing the complaint. FED. R. CIV. P. 4(a). If service of the summons is not waived by the Defendant (which it was not in this instance), the Plaintiff must provide proof of service to the Court. Although not mentioned by the Plaintiff, the docket sheet indicates that an executed summons with respect to Lin & Li as well as the law office of De Hong was filed on April 18, 2006. Further, his court file contains an affirmation of service, dated March 16 and 20, 2006, and I have no reason to doubt their veracity.

However, since Lin was no longer associated with Lin & Li – his withdrawal from the firm was effective December 31, 2005 – service solely on Lin & Li (which was deficient in any event), would not constitute service on Lin individually. Xie provides no reason for his failure to comply with the service requirements set forth in Rule 4 and of course provided no proof of service, thus I have no jurisdiction over Defendant Lin.

*C. Statute of Limitations*

Defendants also argue that Plaintiff's legal malpractice claim is time-barred. I agree.

The legal malpractice cause of action must be brought within three years of the alleged malpractice, irrespective of whether the claim is based in contract or tort. N.Y. C.P.L.R. § 214(6). Here the claim that gave rise to the cause of action for legal malpractice arose on November 6, 2001 when Judge Cote issued her opinion and held Xie personally liable for the damages. Xie filed his legal malpractice action on January 9, 2006, almost six years later. Nothing in the papers suggests otherwise.

---

[1] A summons was issued on January 9, 2006.

Plaintiff contends however, that he did not discover the malpractice, specifically the alleged collusion between his lawyer, Chris Lin, and his adversary until three years after the conclusion of the case. Even if true, it does not salvage the Plaintiff's case.[2] It is well-established that a cause of action for legal malpractice accrues on the date of the allegedly improper action, not on the date the malpractice was discovered.[3] Rafter v. Liddle, 2006 WL 2255093, *7 (S.D.N.Y. 2006); see also Wells Fargo Home Mortg., Inc. v. Zeichner, Ellman & Krause, LLP, 771 N.Y.S.2d 892, 893 (N.Y. App. Div. 2004).

Although Xie's opposition motion (and to a lesser extent, his complaint) is littered with allegations of fraud, these allegations arise out of the same conduct that forms the basis of Xie's legal malpractice claim. Under New York law, the fraud claim in these circumstances is considered duplicative of the malpractice claim, and thus, must be dismissed. See, e.g., id. at 9; see also Laruccia v. Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP, 744 N.Y.S.2d 335, 335 (N.Y. App. Div. 2002). As a result, the six year statute of limitations associated with a fraud cause of action is not applicable here.

## IV.  CONCLUSION

Plaintiff's cause of action for legal malpractice against Defendants is dismissed as time-barred because it was instituted beyond the permissible statute of limitations. Furthermore, I have no personal jurisdiction over Defendant Lin.

The Clerk of the Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**February___, 2007**

_____
U.S.D.J.

---

[2] Plaintiff also avers that he attempted to file a legal malpractice complaint in 2003, which would be within the statute of limitations, but the complaint "was denied." Pl.'s Opp. to Mot. to Dismiss ¶ 25. I wrote the Plaintiff on January 3, 2007 for further explanation. Plaintiff failed to respond.

[3] Further, Plaintiff does not argue, nor could he, that Defendants represented him after the November 6, 2001 decision, thus the continuous representation doctrine does not apply. See, e.g., McCoy v. Feinman, 99 N.Y.2d 295, 301 (N.Y. 2002).

5